**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MARGARET WEBSTER, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br>**-against-**<br><br>**TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA,**<br><br>**Defendant.** | **Case No. 1:26-cv-6884**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff MARGARET WEBSTER ("Webster"), individually and on behalf of all others similarly situated, brings this Collective Action Complaint against Defendant TEACHERS ISURANCE AND ANNUITY ASSOCIATION OF AMERICA ("TIAA"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*., and supporting United States Department of Labor regulations. Plaintiff also brings this Class Action Complaint against TIAA seeking all available relief under Colorado law. The following allegations are based on personal knowledge and are made on information and belief as to the acts of others.

**SUMMARY OF CLAIMS**

1. Plaintiff brings this action for recovery of unpaid overtime compensation as a collective action pursuant to the FLSA.

2. Plaintiff also brings this action for recovery of unpaid overtime compensation as a class action pursuant to Colorado law.

3. Plaintiff also brings this action as a class action to recover damages and penalties as a result of TIAA's efforts to bind Plaintiff and others to unlawful non-compete and non-solicitation agreements pursuant to Colorado law.

4. Defendant TIAA is a financial services company that provides retirement and investment products to consumers nationwide.

5. Plaintiff was employed by TIAA as a Client Relationship Manager.

6. Defendant classified Plaintiff, along with all other Client Relationship Managers, however variously titled (together, "CRMs") as exempt from overtime and therefore failed to pay any overtime to Plaintiff and the similarly situated CRMs.

7. Plaintiff and all other similarly situated CRMs were required to work more than 40 hours in a workweek while employed by TIAA as CRMs in order to complete their job duties. However, as a result of TIAA's policies and/or practices, TIAA failed to pay Plaintiff and the similarly situated CRMs overtime at the required rate of time-and-one-half for all hours worked in excess of 40 in a work week.

8. TIAA's systematic failure and refusal to pay Plaintiff and all other similarly situated CRMs for all hours worked over 40 in a workweek violates the FLSA and Colorado law.

9. In addition, TIAA systematically sought to obligate its Colorado employees, regardless of title, to its standard form restrictive covenants in violation of applicable Colorado law.

10. Plaintiff seeks full compensation on behalf of herself and the members of the FLSA Collective (as defined, *infra*) for all unpaid overtime, including liquidated damages under the FLSA. Plaintiff also seeks declaratory and injunctive relief. Plaintiff additionally seeks reasonable attorneys' fees and costs under the FLSA, along with pre-judgment interest.

11. Plaintiff also seeks full compensation on behalf of herself and the members of the Colorado CRM Class (as defined, *infra*) for all unpaid overtime, including liquidated damages under Colorado law. Plaintiff also seeks declaratory and injunctive relief. Plaintiff additionally

seeks reasonable attorneys' fees and costs under Colorado law, along with pre-judgment interest.

12. Plaintiff also seeks damages and penalties on behalf of herself and the members of the Colorado Restrictive Covenant Class (as defined, *infra*) as a result of Defendant's imposition of obligatory non-compete and non-solicitation agreements in violation of Colorado law.

## JURISDICTION AND VENUE

13. This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Colorado state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

14. Venue in this district is proper pursuant to 28 U.S.C. § 1391. At all material times, Defendant's headquarters and principal place business is in this District and within the geographic location encompassing this District; and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

***Plaintiff***

16. Plaintiff Margaret Webster resides in Denver, Colorado. From approximately April 2023 through approximately June 2025, Plaintiff was employed by TIAA in Denver, Colorado as a Client Relationship Manager.

17. Throughout her employment as a Client Relationship Manager with TIAA, Webster regularly worked more than 40 hours in a workweek, typically working upwards of 60 hours per week, on average.

18. For example, during the weeks of September 9, 2024 and February 23, 2025, Plaintiff worked in excess of 40 hours per week.

19. The work Plaintiff performed was at the direction and benefit of TIAA.

20. Pursuant to TIAA's policy of misclassifying all CRMs as exempt, Plaintiff was not paid overtime compensation for the hours she worked over 40 in a workweek.

21. Plaintiff's written consent to join this action is attached. *See* **Exhibit A**.

22. In addition, TIAA required Plaintiff, as a term and condition of her employment, to execute standard form, broad restrictive covenants, which were not otherwise tailored and/or reasonably necessary to protect TIAA's trade secrets.

23. These covenants restrict Plaintiff, for a period of not less than twelve months after her employment ended, from soliciting, diverting, taking away or accepting business from TIAA's clients and prospective clients, including clients who initiate contact with her, and impose financial penalties on her should she do so.

24. During each year of her employment with TIAA, Plaintiff was not a "highly compensated worker," earning less than $112,500 in 2023, $123,750 in 2024, and $127,091 in 2025.

25. Upon information and belief, TIAA entered into these covenants with Plaintiff prior to the commencement of her employment, and presented and maintained them as a term of her employment, on and after August 10, 2022.

26. Upon information and belief, Plaintiff was not presented with, nor did Plaintiff execute, any separate, written notice of such covenants, in a document separate from any other covenants between them.

27. As a result, Plaintiff's ability to seek and accept employment, and to earn a living

in the industry in which she has worked, was restrained during her employment and for twelve months following her separation. It continues to be restrained by her ongoing obligations under these covenants, including her obligation to disclose them, and to provide a copy of them, to any prospective employer before she commences employment, and by TIAA's reserved right to contact any such employer directly.

***Defendant***

28. TIAA is a New York corporation with its principal place of business in New York, New York.

29. Upon information and belief, TIAA operates more than 136 offices throughout the United States, including in New York and Colorado.

30. At all relevant times, TIAA employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former CRMs and other, Colorado-based employees, and, among other things, maintained control, oversight and direction over Plaintiff and other CRMs and other, Colorado-based employees, including with respect to timekeeping, payroll and other employment practices that applied to them.

31. TIAA applies the same employment policies, practices, and procedures to all CRMs nationwide.

32. Upon information and belief TIAA subjects its Colorado-based employees to standardized restrictive covenants, regardless of income level, and which are not tailored and/or necessary to protect TIAA's trade secrets; and otherwise does not provide separate written notice to its Colorado-based employees of these restrictive covenants.

33. Upon information and belief, TIAA entered into, presented as a term of employment, and has continued to maintain these covenants as to its Colorado-based employees

on and after August 10, 2022.

34. TIAA is a covered employer within the meaning of the FLSA and Colorado law because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce.

35. At all relevant times, TIAA has had gross revenues exceeding $500,000.00 for all relevant time periods.

36. At all relevant times, TIAA has done business under the laws of the State of New York, has places of business in the State of New York, including in this judicial district, and has employed Client Relationship Managers in this judicial district.

37. TIAA is a an "employer" as that term is used in the FLSA and Colorado law.

**COMMON FACTUAL ALLEGATIONS**

38. Defendant TIAA is a financial services company that provides retirement and investment products to consumers nationwide.

39. As part of its workforce, TIAA employs exempt-classified CRMs who support TIAA's Wealth Management Advisors.

40. CRMs' primary duties include scheduling meetings between Wealth Management Advisors and TIAA clients, processing transactions such as contribution requests, running reports for Wealth Management Advisors, returning client phone calls and otherwise providing customer service. CRMs' primary duties do not include giving financial advice. CRMs primarily perform production and customer service work and do not regularly exercise discretion and independent judgment with respect to matters of significance.

41. Pursuant to a centralized, company-wide policy, pattern and/or practice, TIAA classified all CRMs as exempt from coverage of the overtime provisions of the FLSA and

Colorado law.

42. Although CRMs regularly work a significant amount of time beyond 40 hours per week, TIAA does not pay them for this overtime work.

43. Consistent with TIAA's policy and/or practice, Plaintiff and the members of the FLSA Collective and Colorado CRM Class regularly worked in excess of 40 hours per workweek without being paid overtime compensation.

44. Plaintiff's and FLSA Collective members' and Colorado Class members' work as Client Relationship Managers was performed in the normal course of TIAA's business and was integral to TIAA's business.

45. The work performed by Plaintiff and the FLSA Collective members and Colorado Class members constitutes compensable work time under the FLSA and Colorado law and was not preliminary, postliminary or *de minimus.*

46. Pursuant to corporate policy, TIAA classifies its Client Relationship Managers as exempt from overtime pay requirements even though, and in contravention of the FLSA and Colorado law, the Client Relationship Manager position does not qualify for any FLSA exemption.

47. TIAA's unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable laws pursuant to TIAA's centralized, company-wide policy and/or practice of attempting to minimize labor costs by violating the FLSA and Colorado law.

48. Due to the foregoing, TIAA's failure to pay overtime wages at an appropriate overtime rate of pay for work performed by Plaintiff, the FLSA Collective members and Colorado CRM Class members in excess of (40) hours per week was willful.

49. Defendant's conduct was knowing, willful, carried out in bad faith, and caused

significant damages to Plaintiff, the FLSA Collective members and the Colorado CRM Class in an amount to be determined at trial. Defendant did not take requisite steps to ensure that Plaintiff and FLSA Collective members and Colorado CRM Class were paid for all time worked.

50. TIAA's unlawful conduct has been widespread, repeated, and consistent.

51. All work performed by Plaintiff, the FLSA Collective members and the Colorado CRM Class members was assigned by TIAA, who is aware of the work that performed.

52. Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the FLSA Collective members and Colorado Class members throughout Defendant's operations in New York, Colorado and the United States.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings the First Cause of Action (the FLSA claim) as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and a proposed collection of similarly situated employees defined as:

> All current and former employees of Defendant working as CRMs throughout the United States during the time period from September 2, 2022, through until resolution of this action.

(the "FLSA Collective").[1]

54. Plaintiff and other CRMs are similarly situated in that they have substantially similar job duties and are subject to, common and widespread compensation policies and/or practices.

55. Inasmuch as TIAA is a substantial corporate entity aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiff and other similarly situated

[1] The parties executed a tolling agreement Tolling Agreement which tolled the statute of limitations for the FLSA Collective's and Colorado Class's claims, effective September 2, 2025.

CRMs as non-exempt employees.

56. As further evidence of its willful or reckless failure to classify Plaintiff and other

57. similarly situated CRMs – and notwithstanding being a substantial corporate entity aware of its legal obligations – TIAA has uniformly failed to (1) accurately track or record actual hours worked by CRMs; and (2) provide CRMs with a method to accurately record the hours actually worked.

58. TIAA was or should have been aware that federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked over 40 per week.

59. Upon information and belief, and as part of its regular business practices, TIAA has intentionally, willfully and repeatedly engaged in a practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective members. This policy and/or practice includes but it is not limited to:

a. willfully misclassifying Plaintiff and the FLSA Collective members as exempt from the requirements of the FLSA; and

b. willfully failing to pay Plaintiff and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours per week.

60. Plaintiff is the representative of the members of the FLSA Collective and is acting on behalf of their interests as well as her own interests in bringing this action.

61. Plaintiff will fairly and adequately represent and protect the interests of the members of the FLSA Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

62. The similarly situated members of the FLSA Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages,

unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

63. Plaintiff contemplates providing a notice or notices to all members of the FLSA Collective, as approved by the Court. The notice or notices shall, among other things, advise each of the Client CRMs that they shall be entitled to "opt in" to the collective action if they so request by the date specified within the notice, and that any judgment on the collective action, whether favorable or not, entered in this case will bind all FLSA Collective members who timely request inclusion in the FLSA Collective.

**CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23**

64. Plaintiff brings the Second and Third Causes of Action (the "Colorado CRM Class Claims") as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> All current and former employees of Defendant working as Client Relationship Managers throughout the State of Colorado during the time period from September 2, 2022 through until resolution of this action.

(the "Colorado CRM Class").

65. Plaintiff brings the Fourth and Fifth Causes of Action (the "Colorado Restrictive Covenant Class Claims") as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> All current and former employees of Defendant who worked in Colorado and who, at any time from August 10, 2022 through until the resolution of this action, were subject to any agreement, plan, or policy of Defendant containing a covenant not to compete and/or a covenant not to solicit Defendant's customers.

(the "Colorado Restrictive Covenant Class," together with the Colorado CRM Class, the "Colorado Classes").

66. Excluded from the Colorado Classes are Defendant; legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Colorado Classes.

67. Plaintiff reserves the right to seek certification of one or more subclasses pursuant to Federal Rule of Civil Procedure 23(c)(5), including without limitation subclasses defined by the instrument containing the covenant, by the date on which the covenant was entered into, or by the class member's compensation.

68. **Numerosity**: Upon information and belief, Defendant has employed at least 50 or more potential class members in each of the Colorado Classes, up to potentially hundreds of potential class members, in Colorado during the applicable statutory period. The number of members of each of the Colorado Classes are therefore far too numerous to be individually joined in this lawsuit. However, the exact number of such persons are not known to Plaintiff because the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

69. **Existence and Predominance of Common Questions**: There are questions of law and fact common to Plaintiff and the members of the Colorado Classes that predominate over any questions affecting only individual members of the Classes. These common questions of law and fact include, without limitation:

a. Whether Defendant employed Plaintiff and the members of the Colorado Classes within the meaning of Colorado law;

b. Whether Defendant failed to pay Plaintiff and the Colorado CRM Class members for all of the hours they worked;

c. Whether Defendant failed to pay Plaintiff and the Colorado CRM Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of Colorado law;

d. Whether Defendant subjected and imposed upon Plaintiff and the Colorado Restrictive Covenant Class members, and otherwise required them to entire into, non-compete and/or non-solicitation agreements in violation of Colorado law.

e. Whether Defendant failed to provide Plaintiff and Colorado Restrictive Covenant Class members legally compliant written notices of the non-compete and/or non-solicitation agreements it sought to bind Plaintiff and Colorado Restrictive Covenant Class members, in violation of Colorado law.

f. Whether Defendant is liable for all damages claimed by Plaintiff and the Colorado Classes, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

g. Whether Defendant should be enjoined from continuing to violate Colorado law in the future.

70. **Typicality**: Plaintiff's claims are typical of the claims of the Colorado Classes. Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff and the members of the Colorado Classes to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Colorado Classes.

71. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Colorado Classes because her interests do not conflict with the interests of the members of the Colorado Classes she seeks to represent. Plaintiff has retained Counsel competent and experienced in complex employment and wage and hour class action litigation and intends to prosecute this action vigorously. Plaintiff and her Counsel will fairly and adequately protect the interests of the Colorado Classes.

72. **Superiority**: A class action is superior to other available means for the fair and

efficient adjudication of this controversy. Individual joinder of all members of the Colorado Classes is not practicable, and questions of law and fact common to Plaintiff and putative members of the Colorado Classes predominate over any questions affecting only individual members of the Colorado Classes. The injury suffered by each members of the Colorado Classes, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the Court.

73. In the alternative, the Colorado Classes may be certified because the prosecution of separate actions by the individual members of the Colorado Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Colorado Classes, and, in turn, would establish incompatible standards of conduct for Defendant.

74. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

75. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

76. Plaintiff intends to send notice to all members of the Colorado Classes to the extent required under applicable class action procedures. Plaintiff contemplates providing a notice or notices to the Colorado Classes, as approved by the Court. The notice or notices shall, among other things, advise the Colorado Classes that they shall be entitled to "opt out" of the class certified for the Colorado Classes if they so request by a date specified within the notice, and that any judgment on the Colorado Classes, whether favorable or not, entered in this case will bind all

members of the Colorado Classes except those who affirmatively exclude themselves by timely opting out.

**<u>FIRST CAUSE OF ACTION</u>**
**Violation of the Fair Labor Standards Act – Unpaid Overtime**
**(By Plaintiff Individually and on behalf of the FLSA Collective)**

77. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

78. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a work week. 29 U.S.C. § 207(a)(1).

79. At all times material herein, Plaintiff and the FLSA Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

80. Defendant is a covered employer required to comply with the FLSA's mandates.

81. Defendant has violated the FLSA with respect to Plaintiff and the FLSA Collective, by, *inter alia*, failing to compensate Plaintiff and the FLSA Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work. *See* 29 U.S.C. § 207(a)(1). Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the FLSA Collective. 29 U.S.C. § 211(c).

82. Plaintiff and the FLSA Collective are victims of a uniform and company-wide compensation policy of failing to pay overtime based upon the decision to misclassify Client Relationship Managers as exempt. This uniform policy, in violation of the FLSA, has been applied to current and former Client Relationship Managers who worked for Defendant, working in offices throughout the United States.

83. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated

pay, including straight time, and overtime premium pay, calculated inclusive of all non-discretionary bonuses, commissions, and other renumeration earned, within the three years preceding the filing of the original complaint, as tolled by agreement of the parties, equity, order of the Court, or otherwise, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

84. Defendant has acted neither in good faith nor with reasonable grounds to believe

85. that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b)

86. As a result of the aforesaid violations of the FLSA's provisions, pay, including straight time and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

**SECOND CAUSE OF ACTION**
**CWCA - Unpaid Overtime**
**Colorado Wage Claim Act, § 8-4-101, *et seq.***
**(By Plaintiff Individually and on behalf of the Colorado CRM Class)**

87. Plaintiff, on behalf of herself and all members of the Colorado CRM Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

88. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act ("CWCA"). At all relevant times, Defendant has employed and continues to employ "employees," including and Colorado Class Members, within the meaning of the CWCA.

89. Pursuant to Colorado Overtime and Minimum Pay Standards Orders (COMPS

Orders) in effect during the relevant period, including COMPS Order No. 38 § 4.1.1, COMPS Order No. 39 § 4.1.1, and COMPS Order No. 40 § 4.1.1, Defendant is required to pay Plaintiff and Colorado CRM Class members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, but Defendant willfully failed to do so.

90. As described above, Defendant enacted policies and practices that deprived Plaintiff and Colorado CRM Class members compensation for all hours worked in excess of forty in a workweek.

91. As a result of the foregoing conduct, as alleged, Defendant has failed to pay overtime wages due under the CWCA, *see* COLO. REV. STAT. § 8-4-101 *et seq.*, as implemented by the COMPS Order, thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

92. Plaintiff and Colorado CRM Class members further seek declaratory relief stating Defendant has violated and is in violation of Rule 4.1.1 of the COMPS Orders in effect during the relevant period for failing to compensate Plaintiff and Colorado CRM Class members for overtime work performed for the benefit of Defendant.

93. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff, on behalf of herself and the Colorado CRM Class members, hereby demands payment as contemplated by the CWCA and COMPS Order in an amount sufficient to reimburse Plaintiff and Colorado CRM Class members for all unpaid overtime wages.

**<u>THIRD CAUSE OF ACTION</u>**
**CWCA - Failure to Pay All Wages Due Upon Separation of Employment**
**Violations of Colorado Rev. Stat. § 8-4-109**
**(By Plaintiff Individually and on Behalf of the Colorado CRM Class)**

94. Plaintiff, on behalf of herself and all members of the Colorado CRM Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

95. The CWCA, pursuant to Colorado Revised Statute § 8-4-109, requires that, "[w]hen an employee quits or resigns such employee's employment, the wages or compensation shall become due and payable upon the next regular payday." *See* COLO. REV. STAT. § 8-4-109(1)(b).

96. Colorado Revised Statute § 8-4-109 also provides that, if an employer "fails or refuses to pay . . . all earned, vested, and determinable wages or compensation within fourteen days after a written demand is sent or within fourteen days after a civil action or administrative claim for the wages or compensation is sent to or served on the employer, the employer is liable to the employee or group of similarly situated employees for the amount of the earned, vested, determinable, and unpaid wages or compensation plus an automatic penalty of: (I) The greater of two times the amount of the unpaid wages or compensation or one thousand dollars; or (II) If the employee can show that the employer's failure or refusal to pay wages or compensation was willful, the greater of three times the amount of the unpaid wages or compensation or three thousand dollars." *Id.* § 8-4-109(3)(b). An employer's failure or refusal to pay "is per se willful if the employee can show that the claim for which a penalty under subsection (3)(b) of this section is assessed is the employer's second or subsequent failure or refusal to pay to employees wages or compensation of the same or similar type within the five years immediately preceding the claim." *Id.* § 8-4-109(3)(c).

97. The filing and service of this Complaint constitutes a civil action for the wages and compensation described herein, sent to and served on Defendant on behalf of Plaintiff and a group of similarly situated employees, within the meaning of Colorado Revised Statute § 8-4-109(3)(a) and (3)(b).

98. Pursuant to Colorado Revised Statute § 8-4-122, all actions brought pursuant to

the CWCA shall be commenced within two years, except that all actions for willful violations may be commenced within three years of when such violations accrue. *See also* Rule 8.2 of the COMPS Orders in effect during the relevant period.

99. As described above, Defendant enacted policies and practices that deprived Plaintiff and Colorado CRM Class members of compensation for all hours worked. As a result, Defendant failed to pay Plaintiff and Colorado CRM Class members all wages due and owing after separation from employment in violation of Colorado Revised Statute § 8-4-109.

100. In failing to pay all wages due upon separation from employment, Defendant acted as a free agent, determined its own actions, was not responsible to, nor coerced by any other person, entity or authority. Defendant knew that it possessed information regarding hours worked and the amount of wages due to Plaintiff and Colorado CRM Class members at the date of separation. Defendant was capable of timely paying all wages earned and due.

101. Defendant's failure to make payment of Plaintiff and Colorado CRM Class members' final wages when due was willful and continuous.

102. Plaintiff and Colorado CRM Class members seek statutory wages and penalties pursuant to Colorado Revised Statute § 8-4-109; plus costs, disbursements and attorney fees.

103. Wherefore, Plaintiff and Colorado CRM Class members request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Void Covenant Not to Compete**
**Violations of Colorado Rev. Stat. § 8-2-113**
**(By Plaintiff Individually and on Behalf of the Colorado Restrictive Covenant Class)**

104. Plaintiff, on behalf of herself and all members of the Colorado Restrictive Covenant Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

105. Under Colorado Revised Statute § 8-2-113(2)(a), a covenant not to compete "that restricts the right of an individual to receive compensation for performance of labor is void."

106. Whether a contractual provision is a covenant not to compete is determined by its substance and effect, not by its label.

107. A covenant not to compete may be permitted where the worker is a "highly compensated worker" both when the covenant is entered into and when it is enforced, but only where the covenant is for the protection of trade secrets and is no broader than reasonably necessary to protect that interest. Colorado Revised Statute § 8-2-113(2)(b).

108. Even a covenant that satisfies Colorado Revised Statute § 8-2-113(2)(b) is void unless the employer provided notice of the covenant and its terms in a separate document from any other covenants between the worker and employer, in clear and conspicuous terms, signed by the worker, before the worker accepted the offer of employment or, as to a current worker, at least fourteen days before the earlier of the effective date of the covenant or the effective date of any additional compensation or change in the terms or conditions of employment providing consideration for it. Colorado Revised Statute § 8-2-113(4)(a)-(b).

109. Notwithstanding any contrary contractual provision, Colorado law governs the enforceability of the covenants as to Plaintiff and the Colorado Restrictive Covenant Class members, each of whom primarily resided and worked in Colorado at the time their employment ended. Colorado Revised Statute § 8-2-113(6).

110. An employer "shall not enter into, present to a worker or prospective worker as a term of employment, or attempt to enforce any covenant that is void under this section." Colorado Revised Statute § 8-2-113(8)(a).

111. As described above, Defendant required Plaintiff and the Colorado Restrictive

Covenant Class members, as a term and condition of their employment, to enter into standard form restrictive covenants that restrict their ability, after their employment ends, to work in and receive compensation from the industry in which they work.

112. The covenants are not for the protection of Defendant's trade secrets and are broader than reasonably necessary to protect any such interest.

113. Defendant entered into these covenants with, presented them as a term of employment to, and has continued to maintain them as to Plaintiff and the Colorado Restrictive Covenant Class members on and after August 10, 2022.

114. Neither Plaintiff nor, upon information and belief, the Colorado Restrictive Covenant Class members were "highly compensated workers" when the covenants were entered into or when Defendant sought to enforce them.

115. Regardless of their income level, upon information and belief, Defendant did not provide Plaintiff or the Colorado Restrictive Covenant Class members notice of the covenants in a separate document from any other covenants between them, signed by the worker. The covenants are therefore void as to every member of the Colorado Restrictive Covenant Class without regard to compensation.

116. The covenant not to compete is void. Colorado Revised Statute § 8-2-113(2)(a), (2)(b), (4).

117. Defendant's conduct has harmed Plaintiff and the Colorado Restrictive Covenant Class members. The covenants restrained and continue to restrain their ability to seek and accept employment and to earn a living in the industry in which they work, and expose them to litigation and to the financial penalties the covenants impose.

118. Defendant did not act in good faith and had no reasonable grounds to believe that

its conduct did not violate Colorado Revised Statute § 8-2-113.

119. Plaintiff and the Colorado Restrictive Covenant Class members are entitled to actual damages, a penalty of five thousand dollars per worker, injunctive relief, a declaration that the covenants are void and unenforceable, and reasonable costs and attorneys' fees. Colorado Revised Statute § 8-2-113(7), (8)(b).

120. Wherefore, Plaintiff and Colorado Restrictive Covenant Class members request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Void Covenant Not to Solicit Customers**
**Violations of Colorado Rev. Stat. § 8-2-113**
**(By Plaintiff Individually and on Behalf of the Colorado Restrictive Covenant Class)**

121. Plaintiff, on behalf of herself and all members of the Colorado Restrictive Covenant Class, realleges and incorporates by reference all allegations in all preceding paragraphs. This cause of action is pleaded in the alternative to the Fourth Cause of Action.

122. A covenant not to solicit customers is void if the worker does not earn at least sixty percent of the threshold amount for highly compensated workers, both when the covenant is entered into and when it is enforced, and where the covenant is not for the protection of trade secrets and is broader than reasonably necessary to protect that interest. Colorado Revised Statute § 8-2-113(2)(d).

123. The separate written notice required by Colorado Revised Statute § 8-2-113(4) applies to covenants not to solicit customers.

124. To the extent the covenants described above are construed as covenants not to solicit customers rather than covenants not to compete, they are void because they are not for the protection of Defendant's trade secrets and are broader than reasonably necessary to protect any such interest; because Defendant did not provide the separate written notice that Colorado

Revised Statute § 8-2-113(4) requires; and, as to those Colorado Restrictive Covenant Class members who earned less than sixty percent of the threshold amount for highly compensated workers, because those members did not meet the earnings requirement of Colorado Revised Statute § 8-2-113(2)(d).

125. The covenant not to solicit customers is void. Colorado Revised Statute § 8-2-113(2)(a), (2)(d), (4).

126. Defendant entered into these covenants with, presented them as a term of employment to, and has continued to maintain them as to Plaintiff and the Colorado Restrictive Covenant Class members on and after August 10, 2022, in violation of Colorado Revised Statute § 8-2-113(8)(a).

127. Defendant's conduct has harmed Plaintiff and the Colorado Restrictive Covenant Class members.

128. Defendant did not act in good faith and had no reasonable grounds to believe that its conduct did not violate Colorado Revised Statute § 8-2-113.

129. Plaintiff and the Colorado Restrictive Covenant Class members are entitled to actual damages, a penalty of five thousand dollars per worker, injunctive relief, a declaration that the covenants are void and unenforceable, and reasonable costs and attorneys' fees. Colorado Revised Statute § 8-2-113(7), (8)(b).

130. Wherefore, Plaintiff and Colorado Restrictive Covenant Class members request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the FLSA Collective and the Colorado Classes are entitled to, and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the FLSA Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of the Colorado Classes pursuant to FED. R. CIV. P. 23(b)(2) and

c. (b)(3), and the appointment of Plaintiff and her counsel to represent the members of the Colorado Classes;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and Colorado law;

e. An injunction requiring Defendant to cease its unlawful practices under, and comply with the FLSA and Colorado law;

f. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay, inclusive of all non-discretionary renumeration earned, due under the FLSA and Colorado law;

g. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216 and Colorado law;

h. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

i. A declaratory judgment pursuant to Colorado Revised Statute § 8-2-113(7) that Defendant's restrictive covenants are void and unenforceable as to Plaintiff and the Colorado Restrictive Covenant Class;

j. An injunction pursuant to Colorado Revised Statute § 8-2-113(8)(b) prohibiting Defendant from entering into, presenting as a term of employment, maintaining, or attempting to enforce those covenants as to Plaintiff and the Colorado Restrictive Covenant Class;

k. An award of actual damages, together with a penalty of five thousand dollars for each member of the Colorado Restrictive Covenant Class, pursuant to Colorado Revised Statute § 8-2-113(8)(b);

l. An award of prejudgment and post-judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

n. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 12, 2026

Respectfully Submitted,

Paolo Meireles
Gregg I. Shavitz*
Tamra Givens*
Shavitz Law Group, P.A.
622 Banyan Trail, Suite 200
Boca Raton, FL 33431
(561) 447-8888

**Pro Hac Vice* Application Forthcoming